PERCY M. POND AND W. A. GREENWELL *v.* ALEXANDER C. MONTGOMERY AND EUGENE R. HENDRY, UNITED STATES MARSHAL OF THE DISTRICT OF HAWAII.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

ARGUED SEPTEMBER 28, 1914.                    DECIDED OCTOBER 6, 1914.

ROBERTSON, C.J., WATSON AND QUARLES, JJ.

EQUITY—*pleading—proper parties to bills.*

One who has an interest in the subject matter of a suit in equity, though not interested in the controversy between the immediate litigants, is a proper party to the suit.

SAME—*misjoinder of defendants—who may raise objection.*

An objection for misjoinder of defendants may be made only by the defendant improperly joined, at least where his joinder will not affect the decree against the proper defendant.

OPINION OF THE COURT BY ROBERTSON, C.J.

This is a suit in equity to reform a mortgage and to foreclose it, for an injunction and other relief, instituted on April 8, 1914.  To the bill of complaint the respondent Montgomery interposed a demurrer upon several grounds, two of which were sustained, viz: that it does not appear that the complainant Greenwell has any interest in the subject matter of the suit, and, therefore, is not a proper party plaintiff; and that Hendry was improperly joined as a party respondent.

The bill avers the execution of a lease by one Annie S. Parke, to the respondent Montgomery, of certain premises on Fort street, Honolulu, on the 17th day of March, 1911, for the term of five years from May 1, 1911; the giving of a mortgage by Montgomery to the complainant Pond of said lease on the 1st day of July, 1912, to secure the payment of the sum of $2400; the execution by Pond and Montgomery, at the same time and as part of the consideration of said mortgage, of a power of attorney to one W. C. Parke authorizing him to collect the rents from lessees and tenants of the demised premises, and to apply the same to the payment of the rent to Mrs. Parke, to make other payments necessary to the performance of the obligations of the lease, to pay to Pond the amount of the debt, principal and interest, as required by the terms of the mortgage, and to pay the balance, if any, to Montgomery; the execution of a lease on July 1, 1913, by said Montgomery to one Hendry, United States marshal for the district of Hawaii, for and in behalf of the United States, of the said premises, for the term of one year with the privilege of renewal; the substitution by Parke, pursuant to authority given him in and by said power of attorney, of the complainant Greenwell, as attorney for the mortgagor and mortgagee; a scrivener's error in the note and mortgage whereby certain terms agreed upon by the parties failed of expression; the payment of a part of the principal of the mortgage debt, and default in the payment of the balance of the principal and the interest thereon, amounting

in all to the sum of $2383.18; breach of the covenant on the part of the mortgagor in failing to pay rent due under said lease; entry by the mortgagee upon the premises, on March 19, 1914, for condition broken; and the giving of notice of such entry, and of the appointment of Greenwell under the power of attorney, to the respondent Hendry on March 27, 1914. The bill prays for the reformation and the foreclosure of the mortgage, for the appointment of a receiver; that an account be had of the amount due; that the respondent Montgomery be restrained from collecting rent under the lease of July 1, 1913; that the respondent Hendry be enjoined from paying rent to Montgomery; and for general relief. The circuit judge dismissed the bill as to the complainant Greenwell and as to the respondent Hendry. The complainants appeal.

Greenwell as a party plaintiff. Counsel for the demurrant contend that Greenwell has no interest in the suit; that Parke, and therefore Greenwell, was a mere agent whose authority under the power of attorney terminated upon the breach of condition by the mortgagee upon which this suit to foreclose the mortgage is predicated. By the terms of the instrument the authority of the attorney to collect and dispose of the rental money was to continue "for and during such time as said mortgage shall continue in force and effect, and or until said sum of twenty-four hundred ($2400) dollars, with interest, shall have been fully paid to said Pond." It seems clear from this language that Greenwell's authority to demand, collect and dispose of the rents did not terminate upon the alleged breach but is to continue until the mortgage debt shall be paid or the mortgage foreclosed. Again, it may become important for the complainant Pond as well as the respondent Montgomery to know and have determined the exact amount of the rentals collected by Greenwell by virtue of his authority should any question arise in that regard. Furthermore, Greenwell has at least an indirect interest in that part of the bill which applies to the reformation of the mortgage and note. The alleged mistake

had to do with the time and manner in which, by instalments, the mortgage debt was to be paid, and thus having a bearing upon Greenwell's duty in the premises. It is proper that he should be concluded by the decree in the case.

In view of all this we are of the opinion that Greenwell, though perhaps not a necessary party, is at least a proper party to the suit. "Formal or nominal parties are those who have no interest in the controversy between the immediate litigants, but who have an interest in the subject matter which may be conveniently settled in the suit and thereby prevent future litigation." 15 Enc. Pl. & Pr. 659; *Kelley* v. *Boettcher,* 85 Fed. 55, 64. "In chancery practice all persons who might be affected by the decree are proper, though they may not be necessary parties to the suit." *Slaton* v. *Anthony,* 143 S. W. 201, 203.

Hendry as a party defendant. It is contended that the respondent Hendry appears to have been simply the agent of the United States in leasing the premises in question, and was entirely without interest in the suit. The objection to the joinder of Hendry, however, was raised only by Montgomery, and no satisfactory reply has been made to the contention of counsel for the complainants that for a misjoinder of parties defendant only those may demur who have been improperly joined. There is a well settled rule to this effect. "If the misjoinder is of parties as defendants, those only can demur who are improperly joined." Story's Eq. Pl. Sec. 544. "A misjoinder of defendants is a personal defense which can be taken advantage of only by defendant improperly joined, at least where his joinder will not affect the decree against the proper defendant." 16 Cyc. 205. The objections to the joinder of Hendry and Greenwell are purely technical, and it is not contended that any harm can come to Montgomery by reason of their being made parties.

The order appealed from is reversed and the case is remanded to the circuit judge for further proceedings.

*D. L. Withington* (*Castle & Withington* on the brief) for complainants.

*R. J. O'Brien* (*E. C. Peters* with him on the brief) for respondent Montgomery.