## ARTHUR A. AKINA *v.* JOHN K. KAI.

RESERVED QUESTION FROM CIRCUIT JUDGE, FOURTH CIRCUIT.
HON. C. F. PARSONS, JUDGE.

ARGUED APRIL 8, 1915.                    DECIDED APRIL 13, 1915.

WATSON AND QUARLES, JJ., AND CIRCUIT JUDGE ASHFORD
IN PLACE OF ROBERTSON, C.J., ABSENT.

PRIMARY ELECTIONS—*Sec. 41, R. L. 1915, construed.*

The proviso contained in Sec. 41 R. L. 1915, to the effect that
any candidate at a primary held pursuant to the act who receives
the vote of a majority of the registered voters voting of the dis-
trict in which he is a candidate shall be thereby duly and legally
elected to the office for which he is a candidate, held to apply to
candidates for the office of supervisor where more than one is to
be elected.

SAME—*same—names to be placed on ballot for general election.*

At a primary election where one of the candidates for the office
of supervisor in a district where three are to be elected receives
a majority of the votes of the registered voters voting at such pri-
mary and is thereby elected as a supervisor and there remain but
two supervisorial offices for that district to be filled at the ensu-
ing general election, the names of only two candidates from each
political party, together with the names of such non-partisan can-
didates as may have received not less than twenty per cent. of the
votes of registered voters cast at such primary, should be placed
on the ballot for such general election.

OPINION OF THE COURT BY WATSON, J.

At the primary election held in the county of Hawaii on
the 13th day of March, 1915, under the provisions of section 28,
Revised Laws, 1915 (Sec. 3, Act 151, S. L. 1913), Arthur A.
Akina was a candidate on the republican ticket for the office of
supervisor for West Hawaii, from the second representative
district. By law it is provided that there shall be elected three
supervisors from said second representative district, known as
West Hawaii. (Sec. 1512, R. L. 1915.)    At said primary

election said Akina was one of the three persons who received the highest vote for the republican nomination for the said office of supervisor, but he received the lowest number of votes of said three leading republican candidates. At said primary election one Julian R. Yates, whose name appeared on the primary ticket as a nominee of the home rule party for said office of supervisor for West Hawaii, received a majority of all the votes cast at said election. Petitioner tendered the necessary fee to the respondent in order to have his name placed on the official ballot for the election to be held on May 4, 1915, which respondent declined to accept. Respondent, county clerk of the county of Hawaii, being the officer charged with the preparation of the ballots for the general election, refuses to have the name of the petitioner placed on the official ballot, claiming that Yates having been elected at the primary election, so held as aforesaid, there are but two supervisorial offices from said second representative district to be filled at the general election and that but two names of candidates from each party can now go on the ballot, and claiming further that as petitioner received the lowest number of votes of the three leading republican candidates, petitioner's name should not be placed on the ballot. The petitioner filed in the circuit court his petition for a writ of mandamus to compel the respondent county clerk to print on the official ballot for the approaching general election the name of the petitioner as a candidate of the republican party for the office of county supervisor for West Hawaii, and other relief. An alternative writ issued directing the said respondent to have the name of petitioner placed upon the official ballot as a candidate of the republican party for said office or show cause why he should not do so. To the alternative writ the respondent made return stating in detail the facts as above set out and praying that the alternative writ be discharged and the peremptory writ sought denied. The honorable circuit judge reserved to this court for determination the question, "Shall the peremptory writ herein

prayed for issue?" The reserved question requires a construction of the proviso to section 41, Revised Laws, 1915. That section provides in part as follows:

"Sec. 41. Result of election. 1. The person receiving the greatest number of votes at a primary as a candidate of a party for an office shall be the candidate of the party at the following election, and any nonpartisan candidate receiving at least twenty per cent. of the votes of registered voters cast at such primary shall also be a candidate at the following election. Provided, however, that any candidate receiving the votes of a majority of the registered voters voting of the district in which he is a candidate shall be thereby duly and legally elected to the office for which he is a candidate at such primary."

There is no disagreement between the petition and the return as to the material facts and the same are also made to appear by an agreed statement sent up as part of the record upon the reserved question. In said agreed statement of facts it is stipulated, *inter alia,* "that Julian R. Yates, a candidate for the Home Rule party in the said second representative district, for the office of supervisor in said district, received a majority of all the votes cast at the primary election so held on the 13th day of March, 1915, *and by virtue thereof, under the primary law, was duly elected as a supervisor from the second representative district.*" Counsel for petitioner in this court, in their brief and oral argument, seek to repudiate that portion of the agreed statement above quoted and italicized, claiming that the same constitutes, not an agreed statement of fact but an agreement as to the law and is not binding on the court nor upon counsel in the presentation of the case. They then state their principal contention, that the proviso in section 41 was intended to apply only in cases where but a single officer is to be chosen, such as county attorney, county clerk, sheriff or treasurer. In support of this contention it is argued that the language of the proviso, from a grammatical standpoint, covers only cases where a single person is to be chosen and that if applied to offices where more than one are to be chosen, as for example, to the office of supervisor

where, as in West Hawaii, three are to be chosen, endless confusion may result in that it is possible where a number of candidates are in the field for more than three of such candidates to receive a majority vote of all the voters voting at the primary election. This may be demonstrated by assuming, for the purpose of illustration only, that in West Hawaii there are 1000 registered voters, all voting, each of whom votes for three supervisors, making a total of 3000 supervisorial votes. In *In re Lightfoot,* 22 Haw. 293, 298, it was held that in order to be elected at the primary, under the proviso referred to, the candidate must receive the vote of a majority of all the voters voting at the primary. In the hypothetical case above stated, where 1000 voters are voting and 501 votes would constitute a majority vote of all those voting at said primary election, it is readily seen that it is mathematically possible for each of five candidates to receive 600 votes,—a majority vote of all the voters voting at said primary; whereas under the law there are but three candidates to be elected.

It is true that the language of section 41 of the Revised Laws, as it refers to nominations, is *"the person* receiving the greatest number of votes," etc., and, as it relates to elections, as distinguished from nominations, is *"any candidate* receiving the votes of a majority of the registered voters," etc. By section 14 of the Revised Laws of 1915, it is provided, however, that "Words in the masculine gender signify both the masculine and feminine gender, and those in the singular or plural number signify both the singular and plural number," etc. The word "candidate," as appearing in the proviso, is used in the same sense as the word "person" in the earlier part of the section, and in our opinion both words are to be construed in the plural number in cases like the one at bar, where there is more than one nomination to be made or more than one office to be filled. Petitioner not claiming to be the person receiving the greatest number of votes at the primary as a republican candidate for the office of supervisor, the very basis of his claim to

have his name placed on the ballot for the approaching general election must find support in the construction here placed on the language of said section. If the word "person," as used in said section relating to nominations, should be construed, as contended for by counsel for the petitioner, in the singular number, petitioner would have no vestige of a claim of right to have his name placed on the ballot for the general election. We think it is the clear intent of the primary act, to be gathered from the act as an entirety, that each political party shall nominate one candidate for each office to be filled at the general election and that the names of these candidates shall be placed on the ballot at the ensuing general election, and also that it is the intent of the act that any candidate receiving the vote of a majority of the registered voters voting at such primary shall thereby be duly and legally elected to the office for which he is a candidate at such primary. While we recognize the possibility that embarrassments in construing the primary law may hereafter arise, such as those referred to by counsel for petitioner in their brief and argument, we are not in the instant case confronted with any of those questions, and the legislature, which is now in session, may, if it sees fit, so remedy the defects in the act that no necessity will arise for considering the extreme cases suggested by counsel. In any event, we deem it our duty to construe the law as we find it, giving to the language used its usual and ordinary meaning, and, as was said by Chief Justice Robertson, speaking for the court, in *Cooke* v. *Thayer,* 22 Haw. 247, 249, "We believe no useful purpose would be served by discussing questions which are not necessary to the determination of the case in hand, and may never require a decision, and the solution of which seems not to be needed to assist the executive officers in discharging their duties under the law."

We hold that the proviso in section 41 of the Revised Laws of 1915 was not intended to be confined to cases where but one person could be elected, but that it applies in cases where, as in

Akina v. Kai, 22 Haw. 520.

the case at bar, there are more offices than one to be filled; that Yates, having received a majority of the votes cast at the primary election, was duly and legally elected as a supervisor from said second representative district, and that as there remain but two supervisorial offices to be filled from said second representative district at the general election to be held on May 4, the names of only two candidates from each political party, being the ones who received the highest number of votes (less than a majority) at the primary election for such office, together with the names of such non-partisan candidates as may have received not less than twenty per cent. of the votes of registered voters cast at such primary, should be placed on the ballot for such general election.

Our answer to the question reserved is therefore in the negative.

*W. L. Stanley* and *R. W. Breckons* (*Holmes, Stanley & Olson, H. Irwin* and *R. W. Breckons* on the brief) for petitioner.

*I. M. Stainback, Attorney General* (*W. H. Beers, County Attorney,* County of Hawaii, with him on the brief), for respondent.