JOSEPH P. MENDONCA v. G. NAKAMURA, AND I. YAMAMOTO, M. KOMEYA, Y. ISHII, E. IWASHITA, T. MITAMURA, S. KOBAYASHI, S. KUSHIMA, M. OYAMA AND S. KOBAYASHI, DOING BUSINESS AS PARTNERS IN HONOLULU UNDER THE FIRM NAME OF THE JAPANESE BANK, AND K. SAMURA.

## No. 930.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

HON. T. B. STUART, JUDGE.

ARGUED APRIL 25, 1916.                    DECIDED MAY 4, 1916.

ROBERTSON, C.J., WATSON AND QUARLES, JJ.

LANDLORD AND TENANT—*liability of subtenant to the landlord.*

A subtenant is not liable upon a covenant to pay rent contained in the contract of lease between the landlord and the tenant under whom the subleasing exists; but where the subtenant enters with the assent of the landlord under an agreement, express or implied, to pay rent to the landlord, an action for use and occupation is maintainable by the landlord against the subtenant.

ASSUMPSIT—*pleading—misjoinder of defendants.*

In an action of assumpsit against several defendants a defendant against whom a cause of action is stated cannot demur on the ground that the declaration shows no cause of action against another defendant.

OPINION OF THE COURT BY WATSON, J.

This was an action of assumpsit to recover from the defendants the sum of $375, the balance alleged to be due to plaintiff for the rent of certain premises situate on Hotel street in Honolulu for the months of July, August, September and October, 1915, the defendant Nakamura being plaintiff's lessee, and the remaining defendants subtenants

of said Nakamura. The declaration is in three counts as follows:

"First Count. That said defendants heretofore to-wit on October 11, 1915, at Honolulu, City and County of Honolulu, Territory of Hawaii, became indebted to said plaintiff in the sum of six hundred and twenty-five dollars ($625) for rent for the use and occupation of that certain premises situate on the mauka Ewa corner of Hotel and Smith streets in said Honolulu, being the two stores numbered 52 and 54 North Hotel street, for the months of June, July, August, September to and including October 31, 1915, at $125 per month, the said premises being the property of said plaintiff, and demised by plaintiff to the defendant G. Nakamura, by indenture of lease dated September 25, 1911, for a term of 5 years from October 1, 1911, at a monthly rental of $125 payable in advance on the first day of each and every month during said term, without notice or demand, and upon the condition, among others, that said lessee, G. Nakamura, would not without the consent of said lessor, plaintiff herein, assign said lease, nor underlet nor part with the possession of the whole or any part of said premises, a copy of said lease being hereto attached and hereby made part hereof, marked Exhibit A; that said premises were thereafter orally and with the consent of plaintiff let to all of the remaining defendants above named by the said G. Nakamura, upon a month to month tenancy, upon the promise of said defendants to pay to the plaintiff herein, the said rental of $125 per month in advance upon the first of each and every month without notice or demand, during their occupancy of said premises; that said defendants have been in possession and have had the use and enjoyment of said premises for said months of June, July, August, September, and October, 1915, and promised plaintiff to pay to him said rental of $125 per month upon the first day of each and every month, in advance, without notice or demand; that said plaintiff has demanded payment of said rental from said defendants but the defendants, though promising to pay the same, have failed and neglected to pay the same or any part thereof save and except the sum of $250, paid on

October 12, 1915; to the damage of said plaintiff in said sum of three hundred seventy-five dollars ($375.00).

"Second Count.  That said defendants heretofore to-wit on October 11, 1915, at Honolulu aforesaid, became indebted to said plaintiff in the sum of $625 for rent for use and occupation of that certain premises situate on the mauka Ewa corner of Hotel and Smith streets, in said Honolulu, being the two stores numbered 52 and 54, North Hotel street, for the months of June, July, August, September to and including October 31, 1915, at $125 per month, the said premises being the property of said plaintiff; that said defendants have been in possession and have had the use and enjoyment of said premises for said months of June, July, August, September and October, 1915, and promised plaintiff to pay to him when thereunto afterwards requested for the use and occupation of said premises such sum as the same were reasonably worth; that the use and enjoyment of said premises were and are reasonably worth the sum of $125 per month and were and are worth the sum of $625 for said months of June, July, August, September and October, 1915; that said plaintiff has demanded payment of said rental of $125.00 per month, amounting in all to $625 for said months of June, July, August, September and October, 1915, but the defendants, though promising to pay the same, have failed and neglected to pay the same or any part thereof save and except the said sum of $250 paid on October 12, 1915; to the damage of said plaintiff in the said sum of $375.00."

The third count is upon an account stated for the balance of $375.  The prayer was for the sum of $375 together with interest, attorney's commissions and costs of court.

The lease from plaintiff to the defendant G. Nakamura was attached to and made a part of the declaration as exhibit A, the material terms of the lease being set forth in the first count hereinabove.  The lease contains, among others, a covenant on the part of the lessee that he will not without the consent of the lessor assign said lease nor underlet nor part with the possession of the whole or any part of the premises.  The lease also contains the usual cov-

enant to pay rent with a provision for forfeiture and re-entry by the lessor for failure by the lessee to perform any of the covenants of said lease.

Upon the filing of the declaration four of the defendants (other than Nakamura) appeared and interposed the following demurrer thereto:

"(1) That the first count in said declaration is inconsistent with the other counts therein;

"(2) That it appears by the said declaration that these defendants are not liable for the said rent, but that only one of said defendants is liable therefor, namely, G. Nakamura;

"(3) That there is no privity of contract between these defendants and plaintiff shown in said declaration."

After argument the demurrer was sustained (upon what ground or grounds does not appear), and, the plaintiff refusing to amend, the court thereafter made and entered its order and judgment sustaining the said demurrer and dismissing the complaint, with costs against the plaintiff. Plaintiff thereupon duly excepted, the single exception before this court going to the action of the trial court in sustaining the demurrer and dismissing the complaint.

It is contended by counsel for appellees under the first ground of the demurrer that plaintiff's declaration is fatally defective for inconsistency and repugnancy in that the first and second counts are predicated upon the lease, and the last count (account stated) upon the absence of a lease. We think the basic error of this contention is shown by an examination of the declaration itself, from which it appears that plaintiff is not attempting to hold the defendants other than Nakamura (that is, the subtenants) under the covenant to pay rent contained in the lease but under their oral promise to pay rent to the plaintiff during their occupancy of the premises upon a month to month tenancy. The first count alleges the lease to Nakamura for a period of five years, the subletting by him of the premises to the other

defendants upon a month to month tenancy, with the consent of the lessor (plaintiff herein), and the express promise of the defendants to pay to plaintiff the rental of $125 per month during their occupancy of said premises. The second count alleges the lease, the subletting, and the promise of the defendants to pay plaintiff for the use of said premises what the same were reasonably worth. The third count is upon an account stated. None of the counts of the declaration are predicated upon the lessee's covenant to pay rent but upon the express undertaking and agreement of the undertenants to pay rent to the lessor, during their occupation, upon a month to month tenancy. It is well settled that the lessor cannot sue the undertenant upon the lessee's covenant to pay rent, but it is equally well settled that where the undertenant enters with the assent of the lessor under an agreement, express or implied, to pay rent to the lessor, an action is maintainable by the lessor against the undertenant, not under the lessor's covenant to pay rent, but for use and occupation under the agreement of the undertenant to attorn to the lessor. 2 Taylor's L. & T. (8th ed.) §448, n. 5 and cases cited. In *Jennings* v. *Alexander,* 1 Hilton (N. Y.) 154, which was an action by the lessor against an undertenant for rent, the court on page 155 said: "The defendant entered under O. R. Burnham (the lessee), and not under the plaintiff, and it was necessary to show some promise, express or implied, to pay the rent to the plaintiff by the defendant, with the assent of the lessor. In that case the action could be maintained. *McFarlan* v. *Watson,* 3 Comstock (N. Y.) 286." "According to the findings Felker is subtenant and not liable to appellants (lessors) for rents unless by virtue of his undertaking with Hardin. Wood, Landl. & Ten. 545, 547; *Harvey* v. *McGrew,* 44 Tex. 412. But if Hardin had assigned his term Felker then would have been liable upon all the covenants of the lease." *Giddings et al* v. *Felker et al.* (Tex.) 7 S. W. 694, 695.

We think the counts in plaintiff's declaration are neither repugnant nor objectionably inconsistent (*Harrison* v. *Magoon,* 13 Haw. 339, 359) and that the same were properly joined in his action of assumpsit. The rule as to when assumpsit lies and what counts may be joined in such an action is stated in 1 Ency. Pl. & Prac. 169, as follows: "The action of assumpsit is one brought to recover damages for the breach of a contract not under seal. All causes of action enforceable in assumpsit may be joined."

The second and third counts of the demurrer are equally untenable. The demurring defendants are all subtenants of the original lessee, and from what has been said above it is obvious that a cause of action has been stated against them and that privity of contract has been shown to exist between them and the plaintiff. The subletting being for a period less than one year, that is, upon a month to month tenancy, the contract was not within the statute of frauds and was not required to be in writing. There is but one cause of action stated in the declaration and that is against the undertenants (the defendants other than Nakamura), and the fact that Nakamura (the lessee) has been joined as a party defendant does not render it bad as misjoining causes of action (23 Cyc. 434). Nor can the remaining defendants, the cotenants against whom a cause of action is stated, demur on the ground that the declaration shows no cause of action against another defendant (31 Cyc. 274). For an application of this rule in an equity case see *Pond* v. *Montgomery,* 22 Haw. 241.

Exception sustained.

*C. F. Peterson* for plaintiff.

*J. A. Magoon* for defendants.