A. R. CUNHA *v.* D. KALAUOKALANI, CLERK,
CITY AND COUNTY OF HONOLULU.

No. 1854.

ARGUED OCTOBER 24, 1928.                DECIDED OCTOBER 27, 1928.

PERRY, C. J., BANKS AND PARSONS, JJ.

OPINION OF THE COURT BY BANKS, J.

This is a submission on an agreed statement of facts.
The controversy is between A. R. Cunha and David Ka-
lauokalani, clerk of the City and County of Honolulu.
The question involved is whether Cunha is entitled to
have his name placed on the official ballot at the general
election to be held on November 6, as a candidate for the
office of supervisor of the City and County of Honolulu.

In substance the facts agreed upon are as follows: On October 6 of the current year there was held in the City and County of Honolulu a primary election for the purpose of nominating candidates for various offices, some of them territorial and others municipal. Among the municipal offices for which candidates were to be nominated at this primary were seven members of the board of supervisors. Nineteen persons became candidates for nomination for these offices, nine of them being democrats and ten republicans. Among the former was Manuel C. Pacheco and among the latter A. R. Cunha. Pacheco received a majority of all the votes cast at this election and Cunha was one of the seven republican candidates who received the highest number of votes cast but of those seven he received the lowest number of votes. In other words, the following republican candidates received the following number of votes: Edwin Chillingworth 8,352; S. P. Correa 7,970; A. R. Cunha 5,710; John De Mello Jr. 2,952; John A. Hughes 9,157; Lawrence M. Judd 9,743; Robert D. King 7,942; Manuel J. Serpa 3,324; Robert K. Wilcox 3,255; Geo. Fred Wright 11,185. None of the republican candidates received a majority of all the votes that were cast.

It is Cunha's contention that being one of the seven republican candidates who received the largest number of votes he is entitled to have his name placed on the official ballot to be voted at the general election to be held on November 6. Whether his contention can be upheld depends on the effect of Pacheco's having received a majority of all the votes cast. If the effect was to elect Pacheco to the office of supervisor, thus making it unnecessary for him to run at the general election, we think Cunha's contention cannot be sustained. If, on the other hand, the effect was not to elect Pacheco, Cunha's contention is sound.

The solution of the question lies in the construction to be given section 47, R. L. 1925. This section provides as follows: "The person receiving the greatest number of votes at a primary as a candidate of a party for an office shall be the candidate of the party at the following election, and any non-partisan candidate receiving at least twenty per cent of the votes of registered voters cast at such primary shall also be a candidate at the following election; provided, however, that any candidate receiving the votes of a majority of the registered voters voting of the district in which he is a candidate shall be thereby duly and legally elected to the office for which he is a candidate at such primary. And further provided, that in respect of any office to which more than one person may be by law elected, as, for example, supervisors of and for any county, or any city and county, or any subdivision of either thereof, in the Territory, if more candidates than the number to be elected shall receive the majority of votes, only the number to be elected, as by law provided in the given instance, and being those candidates who shall have received the highest number of votes at the primary, shall be considered and declared elected."

It is claimed on behalf of Cunha that inasmuch as the City and County of Honolulu is divided for voting purposes into two districts, the fourth and fifth, and inasmuch as candidates for the office of supervisor are not nominated and elected by the voters of these districts separately but by the voters of the city and county as a whole, therefore the provision of the statute under which a single candidate may be elected at the primary has no application to the facts of this case. More specifically, the contention is that the statute having provided that "any candidate receiving the votes of a majority of the registered voters voting of the district in which he is a candidate" shall be duly elected is only applicable when

such person is a candidate in and is voted for in a *single* district and is not applicable when he is a candidate in and is voted for in two districts.

We think the statute is not reasonably susceptible of any such narrow and technical meaning. The evident purpose of the legislature was to provide for the election of municipal officers in all the counties of the Territory at a primary election. If we should construe the provision of the statute now under consideration as counsel for Mr. Cunha would have us construe it it would render it entirely nugatory so far as the City and County of Honolulu is concerned. We judicially know that candidates for every municipal office of the City and County of Honolulu are nominated and finally elected, not according to separate senatorial or representative districts but by the registered voters of the entire county. To say, therefore, that no single candidate for an office could be elected at a primary unless his candidacy was confined to a single senatorial or representative district as distinguished from a county at large would be to entirely exclude the City and County of Honolulu from this provision of the statute. This would defeat the legislative will. This is always undesirable and in this case is unnecessary.

That the legislature intended that all the provisions of section 47 should be applicable to the City and County of Honolulu as well as to the other counties of the Territory is clearly indicated by the second proviso thereof, which is as follows: "And further provided, that in respect of any office to which more than one person may be by law elected, as, for example, supervisors of and for any county, or any city and county, or any subdivision of either thereof, in the Territory, if more candidates than the number to be elected shall receive the majority of votes, only the number to be elected, as by law provided in

the given instance, and being those candidates who shall have received the highest number of votes at the primary, shall be considered and declared elected." This proviso, while it relates to a situation different from the one now before us, nevertheless, by the inclusion of supervisors for "any city and county" (which necessarily refers to the "City and County of Honolulu," that being the only city and county within the Territory), is a clear indication that the legislature intended that the term "district," as it appears in the preceding proviso, should be construed to mean the entire boundaries of a political subdivision and not merely a senatorial or representative district within those boundaries. If this had not been the intention of the legislature it would, in the second proviso, have made provision only for supervisors that may be elected within a district of any county in the Territory. Our conclusion is that Manuel C. Pacheco was elected to the office of supervisor of the City and County of Honolulu at the primary election held on October 6.

It was suggested by counsel for Mr. Cunha, but not argued, that notwithstanding Pacheco's election Cunha's name should be placed on the official ballot to be voted at the general election. The precise question involved in this suggestion was decided by this court in *Akina* v. *Kai,* 22 Haw. 520. It appeared in that case that at a primary election held in the County of Hawaii on the 13th day of March, 1913, Arthur A. Akina was a candidate on the republican ticket for the office of supervisor from the second representative district, known as West Hawaii. At this primary Akina was one of the three persons who received the highest vote for the republican nomination for the office of supervisor but he received the lowest number of votes of the three leading republican candidates. At this election Julian R. Yates, whose name appeared on the primary ticket

as a candidate of the home rule party for the office of supervisor for West Hawaii, received a majority of all the votes cast at said election and was thus finally elected a supervisor. Akina sought to have his name placed on the official ballot for the general election to be held on May 4, 1915. Kai, who was the county clerk of the County of Hawaii, refused to place Akina's name on this ballot and Akina sought by mandamus proceedings to compel him to do so. An alternative writ issued directing Kai (the respondent) to have the name of Akina placed upon the official ballot as a candidate of the republican party for said office or to show cause why he should not do so. To the alternative writ the respondent made return reciting in detail the facts as above set out and praying that the alternative writ be discharged and that the peremptory writ sought be denied. The circuit judge reserved to this court the following question: "Shall the peremptory writ herein prayed for issue"? The question was answered in the negative. In its opinion the court said (p. 524): "We hold that the proviso in section 41 of the Revised Laws of 1915" (now R. L. 1925, Sec. 47) "was not intended to be confined to cases where but one person could be elected, but that it applies in cases where, as in the case at bar, there are more offices than one to be filled; that Yates, having received a majority of the votes cast at the primary election, was duly and legally elected as a supervisor from said second representative district, and that as there remain but two supervisorial offices to be filled from said second representative district at the general election to be held on May 4, the names of only two candidates from each political party, being the ones who received the highest number of votes (less than a majority) at the primary election for such office, together with the names of such non-partisan candidates as may have received not less than twenty per cent of the votes

of registered voters cast at such primary, should be placed on the ballot for such general election." In its reasoning the court also said: "We think it is the clear intent of the primary act, to be gathered from the act as an entirety, that each political party shall nominate one candidate for each office to be filled at the general election and that the names of these candidates shall be placed on the ballot at the ensuing general election, and also that it is the intent of the act that any candidate receiving the vote of a majority of the registered voters voting at such primary shall thereby be duly and legally elected to the office for which he is a candidate at such primary." No attack is made on this decision. We are not asked to overrule it. We fully concur in the construction of the statute placed upon it by the court.

Pacheco having been elected at the primary there remain only six persons to be elected as supervisors at the general election. Of the republican candidates only the six who received the greatest number of votes at the primary are entitled to have their names placed on the official ballot. Mr. Cunha is not one of these six. Therefore his name should not be placed on the ballot.

Judgment will be entered accordingly.

*M. E. Winn* (*Thompson, Cathcart, Beebe & Winn* on the brief) for plaintiff.

*C. E. Cassidy,* Deputy City & County Attorney (also on the brief), for defendant.