STATE OF HAWAII, Plaintiff-Appellee *v.* KENNETH JOSEPH OLIVERA, Defendant-Appellant

NOS. 5831, 5832, 5833 and 5834

OCTOBER 28, 1976

RICHARDSON, C.J., KOBAYASHI, OGATA, MENOR and KIDWELL, JJ.

OPINION OF THE COURT BY KIDWELL, J.

In these four cases, which were not consolidated, Appellant appeals from convictions as follows: in No. 5831, theft in the first degree; in No. 5832, burglary in the second degree; in No. 5833, theft in the first degree and two counts of burglary in the second degree; and in No. 5834, possession of a firearm by a person convicted of a crime of violence. All of the appeals were submitted on the briefs, without oral argument. We affirm in all cases. Certain of the contentions raised on appeal, while not sustained, warrant discussion and are dealt with below. We have also considered the remainder of Appellant's contentions and have found them without merit.

I

In each of No. 5832, No. 5833 and No. 5834, over

Appellant's objection, the trial court instructed the jury as follows:[1]

> The burden is upon the prosecution to prove the accused guilty beyond a reasonable doubt of every material element of the crime charged, and a defendant has the right to rely upon a failure of the prosecution to establish such proof.
>
> Bear in mind, however, that the law does not require that degree of proof which, excluding all possibility of error, produces absolute certainty, for such degree of proof is rarely possible.
>
> What is a reasonable doubt?
>
> A reasonable doubt is a doubt founded upon reason and common sense and arising from the state of the evidence.
>
> A reasonable doubt may arise not only from the evidence produced, but also from a lack of evidence.
>
> The real question is whether after hearing the evidence and from the evidence you have or have not an abiding belief, amounting to a moral certainty that the defendant is guilty and that all of the material elements of the offense charged in the indictment have been proved. If you have such a belief so formed, the State has discharged its burden of proof and it is your duty to convict, and if you have not such a belief so formed, it is your duty to acquit.

Appellant contends here that it was error for the trial court to attempt any definition of the term "reasonable doubt", and in any event the instruction that a reasonable doubt may arise from a lack of evidence was error in its failure to limit the jury's consideration to a lack of evidence on the part of the State and thus to negate the possibility that the jury would consider that doubt had been created by the Appellant's failure to produce evidence.

The difficulties faced in formulating a satisfactory definition of "reasonable doubt" have led to the growth of a re-

---

[1] Hawaii Standard Jury Instructions, Criminal No. 2.4.

spectable body of opinion which holds that it is better to leave the term undefined in charging the jury. Decisions in Wyoming and Oklahoma appear to treat any attempt to define the term in jury instructions as error.[2] We are aware, also, of decisions in which other appellate courts have indicated that it is undesirable, or at least unnecessary, for the trial court to attempt to define reasonable doubt, although such attempts do not necessarily lead to reversible error.[3] On the other hand, the decisions in a much greater number of jurisdictions, including the federal courts, support the practice of providing the jury in a criminal case with the assistance of some definition of the standard of reasonable doubt which they are to apply in determining the guilt of the defendant.[4] We are not persuaded that it should be held to be error for the Hawaii courts to follow this practice. Whatever doubts may be entertained as to the necessity or advisability of attempting to explain the term to the jury, the question on appeal is whether "the instructions correctly conveyed the concept of reasonable doubt to the jury." *Holland v. United States*, 348

---

[2] Cosco v. State, 521 P.2d 1345 (Wyo. 1974); Wilson v. State, 403 P.2d 262 (Okla. Cr. App. 1965).

[3] *People v. Perry*, 52 Ill.2d 156, 287 N.E.2d 129 (1972); *State v. Ritson*, 215 Kan. 742, 529 P.2d 90 (1974); Passens v. State, 208 Miss. 545, 45 So. 2d 131 (1950); State v. Robinson, 235 Ore. 524, 385 P.2d 754 (1963); Strawderman v. Commonwealth, 200 Va. 855, 108 S.E.2d 376 (1959); State v. Starr, 216 S.E.2d 242 (W.Va. 1975).

[4] U.S. v. Lawson, 507 F.2d 433 (7th Cir. 1974); Hall v. State, 54 Ala. App. 198, 306 So.2d 290 (1974); Davenport v. State, 519 P.2d 452 (Alas. 1974); People v. Bowen, 182 Colo. 294, 512 P.2d 1157 (1973); Payne v. State, 233 Ga. 294, 210 S.E.2d 775 (1974); State v. Boyken, 217 N.W. 2d 218 (Iowa 1974); Whitaker v. Commonwealth, 418 S.W. 2d 750 (Ky. 1967); State v. Palumbo, 327 A.2d 613 (Me. 1974); Thompson v. State, 4 Md. App. 31, 240 A.2d 780 (1968); Commonwealth v. Coleman, 322 N.E.2d 407 (Mass. 1975); People v. Poe, 27 Mich. App. 422, 183 N.W.2d 628 (1971); State v. Tettamble, 394 S.W.2d 375 (Mo. 1965); Haswell v. State, 167 Neb. 169, 92 N.W.2d 161 (1958); State v. Booton, 114 N.H. 750, 329 A.2d 376 (1974); State v. Hunter, 26 N.C.App. 489, 216 S.E.2d 420 (1975); Commonwealth v. Pearson, 450 Pa. 467, 303 A.2d 481 (1973); Commonwealth v. Cannon, 453 Pa. 389, 309 A.2d 384 (1973); State v. Mantia, 223 A.2d 843 (R.I. 1966); State v. Thompson, 13 Wash. App. 1, 533 P.2d 395 (1975).

U.S. 121 (1954); *Bernstein v. United States*, 234 F.2d 475 (5th Cir. 1956); *United States v. Leaphart*, 513 F.2d 747 (10th Cir. 1975); WRIGHT, FEDERAL PRACTICE & PROCEDURE, Crim. § 500 (1969).

That portion of the instruction before us which commences in the 11th line, following the question, was approved by us in *State v. Stuart*, 51 Haw. 656, 466 P.2d 444 (1970). We are satisfied that the entire instruction correctly charged the jury and that it conforms to the standards applied in all of the decisions we have examined, other than those which wholly reject any attempt at definition of reasonable doubt, with only the exception we now mention. The Iowa courts. in recent decisions, have held that an instruction to the effect that a reasonable doubt may arise from a lack of evidence, without going on to make it clear that it is only a lack of evidence offered by the State which is meant, is fatally defective because the jury might infer an obligation on the part of the defendant to produce evidence. *State v. Hansen*, 225 N.W. 2d 343 (Iowa 1975). A need to advise the jury that reasonable doubt may arise from a lack of evidence has been seen by a number of courts. *E.g.*, *Laughlin v. U.S.*, 385 F.2d 287 (D.C. Cir. 1967); Annotation: Failure of instruction on reasonable doubt to include phrase "lack of evidence" or equivalent as reversible error, 67 A.L.R. 1372 (1930). However, no jurisdiction other than Iowa, to our knowledge, has held that there must be further particularization of the attention which the jury is instructed to give to the evidence. By the instruction before us, the jury was expressly charged that the defendant had the right to rely upon a failure of the prosecution to establish proof beyond a reasonable doubt of every material element of the crime charged. and that a reasonable doubt may arise from a lack of evidence. The possibility that the jury might, under this instruction, have considered Appellant's failure to produce evidence as erasing any reasonable doubt which might otherwise have been seen by the jury appears to us to be insubstantial at most. We do not accept the rationale of the Iowa rule. and find no error in the instruction as given.

II

In No. 5832, a card bearing inked fingerprints was admitted in evidence, over Appellant's objection, upon the testimony of a police officer that the prints were those of Appellant which had been taken by the officer and that the card was in the same condition as when he had finished taking the prints. Appellant's objection was premised on the officer's testimony that the card had been delivered to and retained by his superior for an unstated period, and that he did not know with what security it had been kept. Appellant argues that a proper foundation for the admission of the card was not laid, in that the card had passed through several hands and its proper custody at all times was not established.

Where the exhibit is a drug or chemical in the form of a powder or liquid which is readily susceptible of adulteration or substitution, the courts tend to be strict in requiring that a chain of custody be established which minimizes the possibility of any tampering with the exhibit. *Jones v. State*, 260 Ind. 463, 296 N.E. 2d 407 (1973). On the other hand, where the exhibit was an object which was positively identified and where its unchanged condition was established by direct testimony or was not significant, the requirement of proof of a chain of custody has not been applied. *State v. Coleman*, 441 S.W. 2d 46 (Mo. 1969); *State v. Huffman*, 181 Neb. 356, 148 N.W. 2d 321 (1967); *State v. Ross*, 275 N.C. 550, 169 S.E.2d 875 (1969); Annotation: Evidence — Specimen from Human Body, 21 A.L.R. 2d 1216 (1952); McCormick, Evidence 527-528 (2d ed. 1972). Fingerprint records have been treated as objects which are not readily alterable and which are to be admitted on direct evidence of their unchanged condition without imposing the precautionary requirement of a chain of custody, at least in the absence of any affirmative evidence indicating a likelihood that tampering took place. *People v. Riser*, 47 Cal. 2d 566, 305 P.2d 1 (1956); *People v. Corral*, 224 Cal. App. 2d 300, 36 Cal. Rptr. 591 (1964); *State v. Walker*, 263 La. 67, 267 So. 2d 197 (1972). It is not necessary to negate all possibilities of tampering with an exhibit, it being suffi-

cient to establish only that it is reasonably certain that no tampering took place, with any doubt going to the weight of the evidence. *Sorce v. State*, 88 Nev. 350, 497 P.2d 902 (1972); *Trantham v. State*, 508 P.2d 1104 (Okla. Cr. App. 1973); *Gallego v. United States*, 276 F.2d 914 (9th Cir. 1960); *United States v. Brown*, 482 F.2d 1226 (8th Cir. 1973).

In the present case the testimony of the officer that the card had not been altered was direct and unequivocal. There was no cross examination of the officer or any evidence tending to show tampering. Admission of the card in evidence was not in error.

### III

In No. 5834, by pre-trial motion, Appellant sought a bifurcated trial in which the jury would try the issue of whether Appellant possessed a firearm in one stage of the trial, and should they find such possession, would then inquire as to whether Appellant had been previously convicted of a crime of violence and return a verdict of guilty or not guilty thereon. Appellant's motion also sought an order in limine barring the State from reading the indictment to the jury, insofar as it recites that Appellant had previously been convicted of a crime of violence, and from offering any comment or evidence upon such matter unless and until the jury had found that Appellant had possessed a firearm as charged in the indictment. The motion was denied. At the trial, without objection from Appellant, the prosecution read the charge in the indictment to the jury and read to the jury a stipulation of the parties that Appellant had been convicted of the criminal offense of burglary. Appellant now contends that denial of his pre-trial motion was error for which his conviction should be reversed. We do not agree.

Appellant refers us to cases arising under various recidivist statutes which impose an increased penalty for commission of another crime upon persons with prior convictions. The Standards for Criminal Justice of the American Bar

Association recommend that, when the defendant's prior convictions are admissible solely for the purpose of determining the sentence to be imposed, the jury should not be informed of them until it has found the defendant guilty. ABA, STANDARDS RELATING TO TRIAL BY JURY 44 (Approved Draft 1968). A majority of the states, including Hawaii, have adopted procedures consistent with this recommendation.[5] In Hawaii, recidivism affects the penalty imposed upon a convicted offender through the procedures provided by Penal Code § 662, under which an extended term of imprisonment may be imposed for a felony where the offender is a persistent offender who has previously been convicted of two felonies or is already under sentence of imprisonment for a felony. The prior convictions which result in an extended term sentence do not come to the attention of the jury and have no relevancy to the trial.

However, recidivist procedures are not in question here. This is not a case of increasing the penalty for a crime because of a prior conviction. The prior conviction which Appellant sought to keep from the jury in this case is an element of the crime for which Appellant was charged, in the absence of which Appellant's possession of a firearm would not have been an offense. Appellant was convicted of violation of HRS § 134-7(b), which reads:

> (b) No person who has been convicted in this State or elsewhere, of having committed a felony, or of the illegal use, possession, or sale of any drug, shall own, or have in his possession, or under his control any firearm or ammunition therefor.

Possession of the unloaded shotgun involved in this case, by a person who had not previously been convicted of a crime of violence, would not have been an offense. Appellant was not sentenced to an extended term as a recidivist, in this case.

---

[5] *Recidivist Procedures: Prejudice and Due Process*, 53 Cornell Law Review 337 (1968); *Recidivist Procedures*, 40 New York University Law Review 332 (1965); Spencer v. Texas, 385 U.S. 554 (1967).

In the Oklahoma decisions upon which Appellant chiefly relies, the court was faced with a statute which imposed an additional penalty upon any person who was convicted of a felony after a prior conviction, but which provided no procedure for determining when the penalty should be imposed. The Oklahoma courts devised the two stage trial procedure which Appellant sought to employ here. *Harris v. State*, 369 P.2d 187 (Okla. Cr. App. 1962). However, when faced with precisely the question which is now before us. in a prosecution for possession of a firearm after previous conviction of a felony, the Oklahoma court referred to the fact that possession of the same firearm by a person without a prior conviction would not have been a crime and held that the previous conviction of a felony was a necessary element of the crime charged which should be pleaded and proven in the State's case in chief in a one stage proceeding. *Marr v. State*, 513 P.2d 324 (Okla. Cr. App. 1973). We reach the same conclusion in this case.

The judgments appealed from are affirmed.

*Steven K. Christensen* for Defendant-Appellant.

*Douglas L. Halsted*, Deputy Prosecuting Attorney, County of Hawaii. for Plaintiff-Appellee.