**STATE OF HAWAII**, Plaintiff–Appellee, v. **EDWARD S. LOBENDAHN**, aka Bryan S. Lobendahn, Defendant–Appellant

NO. 13618

(CR. NO. 88–0675)

DECEMBER 22, 1989

LUM, C.J., NAKAMURA, PADGETT, HAYASHI, AND WAKATSUKI, JJ.

OPINION OF THE COURT BY WAKATSUKI, J.

Edward S. Lobendahn was convicted of kidnapping and terroristic threatening in 1987. He appealed those convictions. While the appeal was pending and Lobendahn was on parole, he was apprehended and charged with being a felon in possession of a firearm and ammunition in violation of Hawaii Revised Statutes (HRS) § 134–7 (1985). Subsequent to Lobendahn's apprehension but prior to his trial for the violation of HRS § 134–7, this court vacated his kidnapping and terroristic threatening convictions and remanded his case for a new trial. Upon retrial, Lobendahn was acquitted of the kidnapping and terroristic threatening charges. He was thereafter, under HRS § 134–7, convicted of being a felon in possession of a firearm and ammunition. Lobendahn appeals his conviction.

We affirm.

Lobendahn contends that a person cannot be convicted under HRS § 134–7 when a predicate conviction which placed that person in the status of being a felon had been invalidated.

HRS § 134–7(b) provides:

No person who is under indictment or who has waived indictment for, or has been convicted in this state or elsewhere of having committed a felony, or any crime of violence, or of the illegal sale of any drug, shall own or have in the person's possession or under the person's control any firearm or ammunition thereof.

In construing a statute, this court's primary duty is to ascertain and give effect to the intention of the legislature. *State v. Ui*, 66 Haw. 366, 371 (1983). Further, a "rational, sensible and practicable interpretation [of a statute] is preferred to one which is unreasonable or impracticable." *State v. Herrera*, 63 Haw. 405, 410 (1981).

Lobendahn's contention, we believe, is contrary to legislative intent. It is obvious that the legislature did not intend to encourage

persons to flaunt the law while an appeal is pending. We agree with the Alaska Appellate Court's statement in *Clark v. State*, 739 P.2d 777, 781 (1987):

> We see no reason why the legislature would want to encourage a person who has formerly been convicted of a felony to gamble by possessing a [] firearm hoping that if he or she is arrested for being a felon in possession that he or she can defend against that offense by having the former conviction set aside.

The Alaska Appellate Court further stated that it is not unreasonable for the legislature to "require that a person who has been convicted of a felony wait until that conviction has been reversed on appeal before being allowed to possess a [] firearm." *Clark v. State*, 739 P.2d at 781.

As the Ninth Circuit Court of Appeals noted in *United States v. Liles*, 432 F.2d 18, 21 (1970):

> Subjecting a person to a penalty based on a status short of final conviction for a crime is not rare. For example, the same actions that forfeit bail for the guilty will forfeit bail for those later found innocent. [] One who flees prosecution is no less guilty if he is later found innocent of the original charge than if he were found guilty. [Citations omitted.]

We hold that a convicted person "may not resort to self help by first obtaining and possessing the firearm [and ammunition], and thereafter try to assert the invalidity of the prior conviction as a defense to a prosecution under [§ 134–7]." *People v. Harty*, 173 Cal. App. 3d 493, 500, 219 Cal. Rptr. 85, 88 (1985).

Lobendahn's status was that of a convicted felon at the time he possessed the firearm and ammunition. Such possession was unlawful and the subsequent reversal of the conviction does not then render such possession lawful. See *United States v. Liles*, 432 F.2d at 21.

Affirmed.

*Gary Norman Oakes*, Deputy Public Defender, for Defendant–Appellant.

*Vickie L. Silberstein*, Deputy Prosecuting Attorney, for Plaintiff–Appellee.