60 P.3d 274

STATE of Hawai'i, Plaintiff–Appellee,

v.

Shane Shigeo SHIMABUKURO,
Defendant–Appellant.

No. 23399.

Supreme Court of Hawai'i.

Dec. 24, 2002.

Theresa Marshall (Rose Anne Fletcher on the brief), Deputy Public Defenders, for defendant-appellant.

Bryan K. Sano, Deputy Prosecuting Attorney, City and County of Honolulu, for plaintiff-appellee.

ACOBA, J.; with LEVINSON, J., concurring separately, with whom MOON, C.J., joins; and NAKAYAMA, J., dissenting, with whom RAMIL, J., joins.

Opinion by ACOBA, J., Announcing the Judgment of the Court.

In a conviction for habitually driving under the influence of intoxicating liquor or drugs (Habitual DUI), Hawai'i Revised Statutes (HRS) § 291–4.4 (Supp.1998) [1], the requisite prior driving under the influence (DUI) convictions must be valid.[2] That was not the case with respect to the April 11, 2000 judgment of conviction and sentence entered by the circuit court of the first circuit [3] (the court) adjudging Defendant Appellant Shane Shigeo Shimabukuro (Defendant) guilty of Habitual DUI. Accordingly, the aforemen-

tioned judgment must be vacated and the case remanded.

I.

On June 6, 1999, Defendant was charged in Count I of an indictment for Habitual DUI, in Count II for driving while his license was suspended, revoked, or restricted, and in Count III for disregarding roadways laned for traffic. Since Defendant appeals only his conviction on Count I, we affirm the convictions on Count II and Count III.

On January 3, 2000, one of Defendant's three prior DUI convictions was vacated because it was "unconstitutionally obtained." [4] Subsequently, on January 18, 2000, Defendant, who at that point had only two prior DUI convictions, filed a motion to dismiss his Habitual DUI charge, on the ground that he had less than the number of convictions necessary for charging that offense. The court, relying on *State v. Lobendahn*, 71 Haw. 111, 784 P.2d 872 (1989), denied Defendant's motion.[5] Shortly thereafter, Defendant entered

---

1. Hawai'i Revised Statutes (HRS) § 291–4.4 prohibits any person from habitually driving under the influence of liquor or drugs. In relevant part, that section provides:

   **Habitually driving under the influence of intoxicating liquor or drugs.** (a) A person commits the offense of habitually driving under the influence of intoxicating liquor or drugs if, during a ten-year period the person has been *convicted three or more times* for a driving under the influence offense; and

   (1) The person operates or assumes actual physical control of the operation of any vehicle while under the influence of intoxicating liquor, meaning that the person is under the influence of intoxicating liquor in an amount sufficient to impair the person's normal mental faculties or ability to care for oneself and guard against casualty;

   (2) The person operates or assumes actual physical control of the operation of any vehicle with .08 or more grams of alcohol per one hundred milliliters or cubic centimeters of blood or .08 or more grams of alcohol per two hundred ten liters of breath[.]

   (Emphasis added.) HRS § 291–4.4 was repealed on January 1, 2002. It has been replaced by HRS § 291E–61 (Supp.2001).

2. In his brief, Defendant argued, *inter alia*, that the prior DUI convictions must be constitutionally valid.

3. The Honorable Sandra A. Simms presided over the proceedings.

4. The record on appeal does not indicate in what manner the prior conviction was unconstitutionally obtained.

5. In *Lobendahn*, the defendant was convicted of kidnapping and terroristic threatening. *See Lobendahn*, 71 Haw. at 111, 784 P.2d at 872. He appealed those convictions. While the appeal was pending and the defendant was on parole, he was arrested and charged with being a felon in possession of a firearm and ammunition in violation of HRS § 134–7 (1985). *See id.* at 112, 784 P.2d at 872. After the defendant's arrest, but before his trial for the felon-in-possession charge, this court set aside his kidnapping and terroristic threatening convictions and remanded his case for a new trial. *See id.* Upon retrial, the defendant was acquitted of the kidnapping and terroristic threatening charges. *See id.* Subsequently, the defendant was convicted of being a felon in possession of a firearm and ammunition under HRS § 134–7. *See id.*

   On appeal, this court affirmed the defendant's HRS § 134–7 conviction on the ground that "the legislature did not intend to encourage persons to flaunt the law while an appeal is pending." *Id.* at 112–13, 784 P.2d at 873. The *Lobendahn* court held that "[defendant]'s status was that of a convicted felon at the time he possessed the firearm and ammunition. Such possession was unlawful and the subsequent reversal of the conviction does not then render such possession lawful." *Id.* (citing *United States v. Liles*, 432 F.2d 18, 21 (9th Cir.1970)).

into a conditional plea of guilty allowing him to challenge the court's denial of his motion to dismiss.[6] On April 11, 2000, the court sentenced Defendant to a five-year term of probation with a term of imprisonment of thirty-four (34) days,[7] revocation of his driver's license for the duration of the probation period, and a fine of $250.00. On April 16, 2000, Defendant filed his notice of appeal.

## II.

On appeal, Defendant essentially makes three contentions with respect to his motion to dismiss. First, he argues that, as of January 3, 2000, he lacked the required three prior DUI convictions necessary to charge him with Habitual DUI. Hence, according to Defendant, the court erred in denying the motion to dismiss. Second, Defendant maintains that *Lobendahn* is distinguishable because HRS § 134-7 (1985), the statute in that case, converts a lawful act (possessing a firearm and ammunition) into an unlawful act solely by reason of a person's status, whereas, "by contrast, HRS § 291-4.4 applies to the offense of driving while intoxicated, which is *per se* a criminal act." Third, construing HRS § 291-4.4 as a recidivist statute, Defendant contends that "the term 'conviction' as used in HRS § 291-4.4[sic] must be contemplated to mean a 'constitutionally valid conviction.'"

The prosecution counters that culpability under HRS § 291-4.4 is measured by the DUI convictions Defendant had at the time of his arrest, not at the time of trial. It relies on *Lobendahn*, maintaining that in the instant case, "[a]s in *Lobendahn*, the Legisla-

ture would not want to encourage a person formerly convicted of [three] or more DUI offenses to gamble by driving DUI in the hope that he or she could defend against the felony offense by having the prior DUI convictions set aside." The prosecution does not address Defendant's second argument. As to Defendant's third contention, the prosecution argues, relying on the legislative history of HRS § 291-4.4, that that statute involves a status offense and is not a recidivist statute.

## III.

In relevant part, HRS § 291-4.4 states that the offense is committed if during the preceding ten years, the defendant has been "convicted three or more times for" DUI. This court has held that "[t]he meaning of the term 'convicted' or 'conviction' varies according to the context in which it appears and the purpose to which it relates." *State v. Akana*, 68 Haw. 164, 166–67, 706 P.2d 1300, 1303, *reconsideration denied*, 68 Haw. 164, 706 P.2d 1300 (1985) (citations omitted).

Generally, a conviction is defined as "[t]he final judgment on a verdict or finding of guilty, a plea of guilty, or a plea of nolo contendere, but does not include a final judgment which has been expunged by pardon, reversed, set aside, or otherwise rendered nugatory." *Black's Law Dictionary* 333–34 (6th ed.1990).[8] *See Akana*, 68 Haw. at 166–67, 706 P.2d at 1303 ("The word 'conviction' is more commonly used and understood to mean a verdict of guilty or a plea of guilty. The more technical definition includes the judgment or sentence rendered pursuant to

6. Under Hawai'i Rules of Penal Procedure (HRPP) Rule 11(a)(2) (2000), appeals may be taken pursuant to a conditional plea. That rule, in relevant part, provides that,

> [w]ith the approval of the court and the consent of the State, a defendant may enter a conditional plea of guilty[,] ... reserving in writing the right, on appeal from the judgment, to seek review of the adverse determination of any specific pretrial motion.

7. The record on appeal states that, as part of his probation, Defendant is to "[s]erve a term of imprisonment of Thirty–Four (34) Days, with credit for time already served[.]" It is not evident as to what offenses the thirty-four day sentence pertains. Habitual DUI is punishable by a

maximum term of imprisonment of thirty days. *See* HRS § 291-4(b)(3)(C) (Supp.2000). With respect to Count II, HRS § 291-4.5(b) (1993) provides for a term of imprisonment of up to one year. In connection with Count III, HRS § 291C-49(3) (1993) *does not provide for any* term of imprisonment as a penalty. *See* HRS § 291C-161 (Supp.2000). HRS § 291-4.5 was repealed on January 1, 2002. Its replacement is found in HRS § 291E-62 (Supp.2001).

In light of our remand, the circuit court should set forth the sentences as they may separately pertain to each offense for which Defendant is found guilty.

8. There is no specific legislative history with respect to the term "convicted" in HRS § 291-4.4.

an ascertainment of guilt.... Use of the term 'conviction' in a statute presents a question of legislative intent.") (Citation omitted.) [9]

■ As employed in HRS § 291–4.4, the term "convicted" is susceptible to two reasonable interpretations. The first is that the prior DUI convictions must be valid to charge an individual with Habitual DUI.[10] *Cf. State v. Sinagoga*, 81 Hawai'i 421, 434, 918 P.2d 228, 241 (App.1996) (holding that "an uncounseled [and thus unconstitutional] conviction is not reliable for purposes of imposing or enhancing a sentence of imprisonment"). The other is, as the prosecution contends, that any prior conviction, whether vacated or not, suffices. Obviously, we are not confronted in the instant case with reinterpreting HRS § 134–7 (1985), the statute construed in *Lobendahn*.[11] In the present case, inasmuch as HRS § 291–4.4 can reasonably be interpreted in two ways, the statute is ambiguous. *See State v. Fukusaku*, 85 Hawai'i 462, 491, 946 P.2d 32, 61 ("A statute is ambiguous if it is 'capable of being understood by reasonably well-informed people in two or more different senses.'" (Quoting *State v. Toyomura*, 80 Hawai'i 8, 19, 904 P.2d 893, 904 (1995).)). (Brackets omitted.), *reconsideration denied*, 85 Hawai'i 462, 946 P.2d 32 (1997).

■ Where a criminal statute is ambiguous, it is to be interpreted according to the rule of lenity. *See State v. Kaakimaka*, 84

Hawai'i 280, 292, 933 P.2d 617, 629 ("Ambiguity concerning the ambit of criminal statutes should be resolved in favor of lenity." (Quoting *Busic v. United States*, 446 U.S. 398, 406, 100 S.Ct. 1747, 64 L.Ed.2d 381 (1980).)), *reconsideration denied*, 84 Hawai'i 280, 933 P.2d 617 (1997); *State v. Auwae*, 89 Hawai'i 59, 70, 968 P.2d 1070, 1081 (App.1998) (because ambiguity exists as to legislative intent with respect to applicable unit of prosecution under statute, rule of lenity requires that statute be interpreted to allow only single punishment in such circumstances), *overruled on other grounds by State v. Jenkins*, 93 Hawai'i 87, 997 P.2d 13 (2000). Under the rule of lenity, the statute must be strictly construed against the government and in favor of the accused. *See Staples v. United States*, 511 U.S. 600, 619, n. 17, 114 S.Ct. 1793, 128 L.Ed.2d 608 (1994) ("[U]nder [the rule of lenity,] an ambiguous criminal statute is to be construed in favor of the accused.").

## IV.

■ Applying the rule, we strictly construe the term "convicted" in HRS § 291–4.4 as referring to a prior valid DUI conviction. In this area of the law, this court has held that justice requires that the condition precedent to liability be validly established before the ultimate sanction can be imposed. *See Farmer v. Administrative Dir. of the Court*, 94 Hawai'i 232, 241, 11 P.3d 457, 466 (2000) ("[J]ustice requires that [the defendant] be given an opportunity to challenge the lifetime

9. The definitions of "conviction" are referred to only to illuminate the fact that "[t]he meaning of the term 'convicted' or 'conviction' *varies* according to ... context[.]" *Akana*, 68 Haw. at 166–67, 706 P.2d at 1303 (citations omitted) (emphasis added). The dissent concedes that the meaning of "convicted" depends on "the context in which it appears[,]" quoting the same language from *Akana*. *See* dissenting opinion at 334, 60 P.3d at 284. As discussed in detail *supra*, because HRS § 291–4.4 is an ambiguous criminal statute, the rule of lenity mandates that the term "convicted" be strictly construed. Hence, in this context, *i.e.*, in the present case, the term "convicted" means a prior valid DUI conviction.

10. Aside from the argument in his opening brief, in oral argument Defendant suggested that HRS § 291–4.4 is a recidivist statute, and therefore, the prior conviction must be constitutionally valid, citing *State v. Sinagoga*, 81 Hawai'i 421, 434, 918 P.2d 228, 241 (App.1996) (holding that "an

uncounseled [and thus unconstitutional] conviction is not reliable for purposes of imposing or enhancing a sentence of imprisonment").

11. In his opening brief, Defendant argued that the language of HRS § 134–7, which was at issue in *Lobendahn*, was dissimilar from that of HRS § 291–4.4 in that: (1) as mentioned, the statute in that case, converts a lawful act (possessing a firearm and ammunition) into an unlawful act solely by reason of a person's status, whereas, "by contrast, HRS § 291–4.4 applies to the offense of driving while intoxicated, which is *per se* a criminal act[ ]"; (2) the language of HRS § 291–4.4 and its legislative history indicate that the legislature "intended [that statute] to operate as a recidivist statute *i.e.*, increasing the punishment based on each additional conviction[ ]"; and (3) under HRS § 134–7, "it is the intent of the legislature to render a person of a particular status based on [a] 'probable cause' standard rather than 'proof beyond a reasonable doubt.'"

revocation of his driver's license because one of the three predicate [DUI] convictions on which his revocation is based has been set aside."). Here, one of Defendant's three prior convictions was vacated on the ground that it was unconstitutionally obtained. As such, as of January 3, 2000, Defendant presumably had only two valid convictions. Inasmuch as Defendant lacked the requisite number of convictions, the court erred in denying Defendant's motion to dismiss.[12]

## V.

■ With all due respect, it is not accurate to suggest, as the dissent does, that applying the rule of lenity "permits a repeat DUI offender to collaterally attack all prior DUI convictions," dissenting opinion at 335, 60 P.3d at 285, inasmuch as the right to collaterally challenge a conviction is available in every criminal case, irrespective of the offense involved. The fact that every conviction is subject to collateral attack does not result in a defendant "escaping the scope of HRS § 291-4.4," dissenting opinion at 335, 60 P.3d at 285, since an invalid conviction must be set aside.[13]

Further, contrary to the dissent's contention, not "all" prior DUI convictions are subject to collateral attack, dissenting opinion at

---

**12.** According to the legislative history of HRS § 291-4.4, the requisite prior DUI convictions were considered an element of the offense. *See* House. Stand. Comm. Rep. No. 844, in 1995 House Journal, at 1345 ("This bill already includes as an *element* of habitually driving under the influence, three convictions for DUI." (Emphasis added.)). The purpose of HRS § 291-4.4 was to "establish a felony offense for those who are convicted of habitually driving under the influence of intoxicating liquors or drugs." *Id.*

The House Judiciary Committee also considered, but did not adopt, the Office of the Public Defender's position that "the philosophy established in the Penal Code to address the repeat offender is by way of *enhanced penalties*, rather than an elevation of the classification of the offense." *Id.* (emphasis added). Hence, the legislature did not intend that HRS § 291-4.4 be viewed as a sentencing enhancement statute.

HRS § 291-4.4 was repealed on January 1, 2002. The substance of the repealed § 291-4.4(a)(1), under which Defendant was convicted, is now incorporated in HRS § 291E-61 (Supp. 2001). Incorporation of the substance of HRS § 291-4.4(a)(1) was part of the consolidation of all driving under the influence provisions into one offense and sentencing scheme:

> More specifically, the provisions [of H.B. No. 1881] consolidate impaired driving and boating offenses, under present sections 291-4 (alcohol), 291-7 (drugs), and 200-81 (boating), *into one single offense (operating a vehicle under the influence of an intoxicant), with uniform penalties. This offense also includes the present class C felony habitual DUI (section 291-4.4).*
>
> Your Committee finds that consolidation of the habitual offense will *ensure that all DUI convictions, whether under section 291-4 or 291-4.4, count as priors for purposes of sentencing.*

Senate Stand. Comm. Rep. No. 1881, in 2000 House Journal, at 1400 (emphases added).

Hence, as set forth in HRS § 291E-61, the habitual DUI provision has become part of a sentencing scheme expressly "address[ing] the repeat offender ... by way of enhanced penal-

ties" as the public defender had recommended in 1995. House. Stand. Comm. Rep. No. 844, in 1995 House Journal, at 1345. According to the legislative history of HRS § 291-4.4, that was not the case prior to the effective date of HRS § 291E-61.

It is also to be noted that Defendant contested the habitual DUI charge prior to *trial*, not at the sentencing proceeding, on the ground that he had not been convicted of the requisite number of DUI offenses. Thus, his position is that the habitual DUI charge should have been dismissed *prior* to trial.

**13.** After the time for appeal has expired, a collateral attack on a conviction may be brought only on limited grounds. *See Stanley v. State*, 76 Hawai'i 446, 450, 879 P.2d 551, 555 (1994) ("HRPP Rule 40(a)(3) restricts the issues that may be raised in a post-conviction proceeding[.]"); *cf. Turner v. Hawai'i Paroling Auth.*, 93 Hawai'i 298, 307, 1 P.3d 768, 777 (App.2000) ("While [inmate] may seek habeas corpus relief under HRPP Rule 40, judicial review of a parole board's decision denying parole is a very narrow one, confined essentially to violations of a prisoner's constitutional rights."). HRPP Rule 40(a)(1) (2002) provides, in relevant part, that

> [a]t any time but not prior to final judgment, any person may seek relief under the procedure set forth in this rule from the judgment of conviction, *on the following grounds:*
> (i) that the judgment was obtained or sentence imposed in violation of the constitution of the United States or of the State of Hawai'i;
> (ii) that the court which rendered the judgment was without jurisdiction over the person or the subject matter;
> (iii) that the sentence is illegal;
> (iv) that there is newly discovered evidence; or
> (v) any ground which is a basis for collateral attack on the judgment.

(Emphasis added.)

335, 60 P.3d at 285, because collateral challenges must be based on specific grounds. *See supra* note 13. Furthermore, collateral attacks on prior DUI convictions cannot be had in "perpetuity," *see* dissenting opinion at 332, 60 P.3d at 282, for once a decision in the collateral proceeding is made, the inquiry into the validity of the prior conviction is concluded. *See Stanley v. State,* 76 Hawai'i 446, 450, 879 P.2d 551, 555 (1994) (holding that defendant's claim challenging the sufficiency of evidence for attempted manslaughter conviction was "prohibited by HRPP Rule 40(a)(3) because the issue was previously ruled upon [by the federal district court in defendant's] habeas corpus petition[ ]"). The discussion raised by the dissent is not germane to the facts in this case. Defendant's conviction was vacated and the prosecution apparently did not appeal the vacation.

## VI.

However, in appealing his conviction for Habitual DUI, Defendant does not contest the fact that he was under the influence of an intoxicating liquor at the time of his arrest. Because he pled guilty to the Habitual DUI offense, under the conditional plea procedure, he admitted to DUI at the time of his arrest. *See State v. Kealaiki,* 95 Hawai'i 309, 316, 22 P.3d 588, 595 (2001) (concluding that "[u]nder HRPP Rule 11(a)(2), a defendant is precluded from obtaining a dismissal of the charge except for the possibility of a successful legal challenge on the reserved question," and thus " 'the defendant stands guilty [or waives contest of the charges] and the proceeding comes to an end [when] the reserved issue is

ultimately decided on appeal' " (citation omitted) (brackets omitted)).

Under HRS § 291-4.4, the prosecution must prove the DUI on the occasion of the arrest and three prior convictions for DUI. Thus, the DUI for which Defendant was arrested is an included offense of the Habitual DUI offense. *See State v. Wallace,* 80 Hawai'i 382, 415, 910 P.2d 695, 728 (1996) (holding that "[f]or purposes of article I, section 10, [of the Hawai'i Constitution,] a lesser included offense is an offense that is (1) 'included' in a charged offense, within the meaning of HRS § 701–109(4) (1993)[ ], and (2) 'of a class and grade lower than the greater [charged] offense,' as described in HRS §§ 701–109(4)(a)" (quoting *State v. Malufau,* 80 Hawai'i 126, 134, 138, 906 P.2d 612, 620, 624 (1995) (citations and footnotes omitted))). Consequently, we remand the case to the court with instructions to grant the motion to dismiss, to enter a judgment of guilty as to the DUI included offense, and to sentence Defendant accordingly.

Concurring Opinion by LEVINSON, J., in which MOON, C.J., Joins.

I agree that Shimabukuro lacked the number of predicate convictions requisite to a conviction of habitually driving under the influence of intoxicating liquor or drugs, in violation of HRS § 291–4.4 (Supp.1998),[1] and that the circuit court therefore erred in denying his motion to dismiss Count I of the indictment. My analysis, however, differs from Justice Acoba's.

In my view, one cannot fairly ascertain the meaning of the phrase "convicted three or more times," as it is employed in HRS

1. HRS § 291–4.4 provided in relevant part:

   (a) A person commits the offense of habitually driving under the influence of intoxicating liquor or drugs if, during a ten-year period the person has been *convicted three or more times* for a driving under the influence offense; and
   (1) The person operates or assumes actual physical control of the operation of any vehicle while under the influence of intoxicating liquor, meaning that the person is under the influence of intoxicating liquor in an amount sufficient to impair the person's normal mental faculties or ability to care for oneself and guard against casualty; [or]

   (2) The person operates or assumes actual physical control of the operation of any vehicle with .08 or more grams of alcohol per one hundred milliliters or cubic centimeters of blood or .08 or more grams of alcohol per two hundred ten liters of breath[.]
   . . . .
   (b) For the purposes of this section a driving under the influence offense means a violation of [HRS § ] 291–4. . . .
   (c) Habitually driving under the influence of intoxicating liquor or drugs is a *class C felony.*
   (Emphases added.)

§ 291–4.4(a), *see supra* note 1, without construing the statute *in pari materia* with the DUI statute, HRS § 291–4 (Supp.1998). *See* HRS § 1–16 (1993) ("Laws in pari materia, or upon the same subject matter, shall be construed with reference to each other. What is clear in one statute may be called in aid to explain what is doubtful in another."). In this regard, HRS § 291–4(a) (Supp.1998) provided in relevant part:

A person commits the offense of driving under the influence of intoxicating liquor if:

(1) The person operates or assumes actual physical control of the operation of any vehicle while under the influence of intoxicating liquor, meaning that the person concerned is under the influence of intoxicating liquor in an amount sufficient to impair the person's normal mental faculties or ability to care for oneself and guard against casualty; or

(2) The person operates or assumes actual physical control of the operation of any vehicle with .08 or more grams of alcohol per one hundred milliliters or cubic centimeters of blood or .08 or more grams of alcohol per two hundred ten liters of breath.

A first offense "not preceded within a five-year period by a [DUI] conviction" was punishable, *inter alia*, by "[n]ot less than forty-eight hours and not more than five days of imprisonment" without the possibility of probation or suspension of sentence. HRS § 291–4(b)(1)(C)(ii) (Supp.1998). A second offense, occurring "within five years of a prior [DUI] conviction," was punishable, *inter alia*, by "[n]ot less than forty-eight consecutive hours but not more than fourteen days of imprisonment of which at least forty-eight hours [was to] be served consecutively," also without the possibility of probation or suspension of sentence. HRS § 291–

4(b)(2)(B)(ii) (Supp.1998). And a third offense, occurring "within five years of two prior [DUI] convictions," was punishable, *inter alia*, by "[n]ot less than ten days but not more than thirty days imprisonment of which at least forty-eight hours [was to] be served consecutively," likewise without the possibility of probation or suspension of sentence. HRS § 291–4(b)(3)(C) (Supp.1998). Obviously, HRS § 291–4(b) created an escalating sentencing scheme keyed to the defendant's degree of recidivism, *i.e.*, the number of actual prior DUI offenses logged within five years of his or her current DUI offense.[2]

Viewed in this context, it is apparent to me that HRS § 291–4.4 was a "we've-had-it-up-to-here" statute directed at driving-under-the-influence offenders who had reached the "next level," *i.e.*, four actual DUI offenses committed within the same ten-year time period. Being a class C felony, *see* HRS § 291–4.4(c), *supra* note 1, a person convicted of habitually driving under the influence of intoxicating liquor or drugs was subject to an indeterminate maximum prison sentence of five years, *see* HRS § 706–660(2) (1993), with the possibility, in appropriate circumstances, of extended-term sentencing under HRS §§ 706–661 (1993) and 706–662 (Supp. 1998). In other words, what differentiated the "habitual" DUI offender under HRS § 291–4.4 from the "three time loser" under HRS § 291–4(b)(3)(C) was actual culpability for a *fourth* DUI offense, thereby justifying the further escalation of the penal consequence.[3] Tautologically, however, actual culpability for a fourth DUI offense presupposed actual culpability for three prior DUI offenses. *Cf. People v. Barro*, 93 Cal.App.4th 62, 64, 112 Cal.Rptr.2d 797 (Cal.Ct.App.2001) (holding that the effect of a dismissal of one of the defendant's prior convictions was "to wipe the slate clean as if the defendant [had] never suffered the prior conviction in the initial instance," thereby placing the defen-

---

2. HRS § 291–7 (1993), the DUI statute that proscribed the offense of driving under the influence of drugs, is indistinguishable from HRS § 291–4 in this respect and may also be viewed *in pari materia* with HRS § 291–4.4.

3. This is precisely what distinguished HRS § 291–4.4 from "status" offenses such as that described by HRS § 134–7(b) (Supp.2001). *See*

*State v. Lobendahn*, 71 Haw. 111, 113, 784 P.2d 872, 873 (1989) ("Lobendahn's *status* was that of a convicted felon at the time he possessed the firearm and ammunition. Such possession was unlawful and the subsequent reversal of the conviction does not then render such possession lawful.") (Emphasis added.).

dant in a position " 'as if he had never been prosecuted for' " the prior offense and precluding its qualification as a "strike" under California's "Three Strikes" sentencing enhancement law) (citation omitted).

The foregoing interpretation is supported by the legislative history of HRS § 291–4.4. In considering the statute, the House Transportation Committee noted that the "current penalties for habitually driving under the influence of intoxicating liquor [were] not sufficient to keep impaired drivers off the road. Of the 4,000 DUI arrests that were made in 1994, 919 drivers were considered *recidivists*. A majority of those *repeat offenders were convicted two or three times*." Hse. Stand. Comm. Rep. No. 49, in 1995 House Journal, at 1046 (emphases added). Accordingly, the House Judiciary Committee explained, the act "establish[ed] a felony offense for those *who are convicted of their fourth offense of driving under the influence of alcohol within a ten year period* [,]" so that "*repeat offenders* who have not responded to previous court sanctions and treatment opportunities *should receive stricter penalties*." Hse. Stand. Comm. Rep. No. 844, in 1995 House Journal, at 1345 (emphases added). Likewise, the Senate Judiciary Committee noted that the statute ensured that, "if a person has been *convicted three times and is charged and convicted a fourth time*, the person will have committed the offense of habitually driving under the influence[.]" Sen. Stand. Comm. Rep. No. 1265, in 1995 Senate Journal, at 1301 (emphasis added). Thus, it is clear that the legislature enacted HRS § 291–4.4 to provide enhanced penalties—specifically, as noted *supra*, a class C felony conviction and the consequences stemming therefrom—"*for those who are convicted of their fourth offense of driving under the influence of alcohol* within a ten year

period." Hse. Stand. Com. Rep. No. 49, in 1995 House Journal, at 1046 (emphasis added).

Moreover, in 1999, the legislature amended HRS § 291–4.4 and HRS § 291–4 to clarify that, for purposes of calculating the number of prior DUI convictions, there was no difference between a DUI conviction in violation of HRS § 291–4 and a "habitual" DUI conviction in violation of HRS § 291–4.4, *i.e.*, both statutes prohibited the same conduct' and were part of an integrated sentencing scheme. *See* 1999 Haw. Sess. L. Act 78, §§ 1 and 2, at 131–32. " '[S]ubsequent legislative history or amendments' may be examined in order to confirm our interpretation of statutory provisions." *State v. Sullivan*, 97 Hawai'i 259, 266, 36 P.3d 803, 810 (2001) (quoting *Bowers v. Alamo Rent–A–Car, Inc.*, 88 Hawai'i 274, 282, 965 P.2d 1274, 1282 (1998)). Thus, although the legislature defined "habitual" DUI as a distinct offense in 1995, it is clear that the only fact that distinguished a "habitual" DUI offense from other DUI offenses was that a habitual offender had collected three or more prior DUI convictions within the same ten-year period.[4]

The record reflects that, at the time Shimabukuro entered his conditional guilty plea to the habitual DUI charge, he was not, in fact, actually culpable of three prior DUI offenses within the same ten-year period, because one of his prior DUI convictions had been vacated, thereby rendering him culpable of only *two* relevant prior DUI offenses.[5] That the conviction had not been vacated when he committed the DUI offense as to which he was charged and convicted as a habitual DUI offender in the present matter is immaterial. The fact remains that the conviction *was* vacated, and Shimabukuro was in fact culpable of only two prior DUI offenses within the same ten-year period as

---

4. Indeed, when the legislature recodified Hawai'i's DUI offenses in 2000, it eliminated the distinct offense of "habitual" DUI, but retained the same penalties (based on a class C felony) for "an offense that occurs within ten years of three or more prior convictions for offenses under this section...." 2000 Haw. Sess. L. Act 189, § 23 at 426–27. Notably, the legislature did not indicate that it was eliminating a "status" offense, *see supra* note 3, when it recodified the DUI offenses.

5. For purposes of my analysis, it makes no difference whether the vacated conviction was, in the first instance, "unconstitutionally obtained" or defective for some other reason. The inescapable fact is that, at the time he was sentenced as a "habitual" DUI offender, Shimabukuro had *not* "been convicted three or more times for a driving under the influence offense."

the offense giving rise to the present appeal. That being so, Shimabukuro could not be a "habitual" DUI offender within the meaning of HRS § 291–4.4.

For the foregoing reasons, I agree that the correct resolution of the present appeal is to vacate Shimabukuro's conviction under Count I of the indictment and remand the matter to the circuit court with instructions to grant the motion to dismiss, enter a judgment of conviction of the included offense of DUI, pursuant to HRS § 291–4, and sentence Shimabukuro in accordance with that statute.

Dissenting Opinion by NAKAYAMA, J., with whom RAMIL, J., Joins.

In this case, Shimabukuro's *fourth offense*, I dissent from Justice Acoba's opinion to emphasize the fact that HRS § 291–4.4 is not a recidivist statute, inasmuch as it is a separate offense. As a separate offense, HRS § 291–4.4 requires that two elements be proven to convict a person of habitual DUI: (1) the person must have at least three prior convictions for DUI within a ten-year period; and (2) the person must operate or assume physical control of a vehicle while (a) under the influence of intoxicating liquor in an amount sufficient to impair the person, (b) having a blood alcohol content or breath content of .08 grams or more, or (c) under the influence of any drug that impairs the person's ability to operate the vehicle. HRS § 291–4.4. Unlike Justice Acoba suggests, the first element of HRS § 291–4.4 does not require three convictions in perpetuity. The term "conviction," as it is more commonly or technically used, means a guilty verdict or judgment upon a guilty verdict. Under this definition, Shimabukuro had three prior DUI "convictions." Thus, I would affirm Shimabukuro's HRS § 291–4.4 conviction.

Two approaches have been suggested to deal with habitual offenders. *Garrett v. United States*, 471 U.S. 773, 783–84, 105 S.Ct. 2407, 85 L.Ed.2d 764 (citing 116 Cong. Rec. 33302, 33630 (1970) (statement of Rep. Poff)). The first is the creation of a separate offense, requiring that all elements of the offense be met and establishing a separate penalty for those who meet all of the ele-

ments of the offense. *Id.* The second is the imposition of enhanced sentences based on the increasing number of convictions for a basic underlying offense. *Id.* A recidivist statute is based on the second approach. *Id.* Unlike a separate offense, a recidivist statute does not set forth elements to be met but deals only with enhanced sentencing for repeat offenders. *See State v. Olivera*, 57 Haw. 339, 346, 555 P.2d 1199, 1203 (1976) ("In Hawai'i, recidivism affects the penalty imposed upon a convicted offender through the procedures provided by Penal Code s 662, under which an extended term of imprisonment may be imposed for a felony where the offender is a persistent offender. . . .").

In *Garrett v. United States*, 471 U.S. 773, 779–86, 105 S.Ct. 2407, 85 L.Ed.2d 764 (1985), the United States Supreme Court held that 21 U.S.C. § 848(a)(1) was not a recidivist statute. This statute provided in relevant part that:

> Any person who engages in a continuing criminal enterprise shall be sentenced to a term of imprisonment which may not be less than 10 years and which may be up to life imprisonment, to a fine of not more than $100,000, and to the forfeiture prescribed in paragraph (2). . . .

*Id.* at 779 n. 1, 105 S.Ct. 2407 (citation omitted). The Court noted that this was not the language of a recidivist statute because it set out a separate offense "rather than a multiplier of the penalty established for some other offense." *Id.* at 781.

In *State v. Olivera*, 57 Haw. 339, 346, 555 P.2d 1199, 1203–04 (1976), this court held that HRS § 134–7(b) was not a recidivist statute. At that time, HRS § 134–7(b) provided that:

> No person who has been convicted in this State or elsewhere, of having committed a felony, or of the illegal use, possession, or sale of any drug, shall own, or have in his possession, or under his control any firearm or ammunition therefor.

*Id.* (citing HRS § 134–7(b)). This court noted that the prior conviction was an element of the offense and that "this [wa]s not a case of increasing the penalty for a crime because

of a prior conviction." *Olivera*, 57 Haw. at 346, 555 P.2d at 1203–04.

Later, in *State v. Lobendahn*, 71 Haw. 111, 112–13, 784 P.2d 872, 872–73 (1989), this court had the opportunity to re-examine an amended HRS § 134–7(b). Pursuant to the amendment, HRS § 134–7(b) read in relevant part that:

No person who is under indictment or who has waived indictment for, or has been convicted in this state or elsewhere of having committed a felony, or any crime of violence, or of the illegal sale of any drug, shall own or have in the person's possession or under the person's control any firearm or ammunition thereof.

*Id.* (citing HRS § 134–7(b) (1985)). This court in *Lobendahn* did not overrule or discuss its previous decision in *Olivera*. *See Lobendahn*, 71 Haw. at 111–13, 784 P.2d at 872–73. This court did, however, affirm the defendant's conviction under HRS § 134–7(b), notwithstanding the vacation of the defendant's conviction upon which the HRS § 134–7(b) charge was based. *Id.* at 112, 784 P.2d at 872. In doing so, this court held that

a convicted person "may not resort to self help by first obtaining and possessing the firearm and ammunition, and thereafter try to assert the invalidity of the prior conviction as a defense to a prosecution under § 134–7." [The defendant's] status was that of a convicted felon at the time he possessed the firearm and ammunition. Such possession was unlawful and the subsequent reversal of the conviction does not then render such possession lawful.

*Id.* at 113, 784 P.2d at 873 (citations omitted).

Similar to both versions of HRS § 134–7(b) in *Lobendahn* and *Olivera*, the requirement of three prior DUI convictions in HRS

§ 291–4.4 is an element of the offense. HRS § 291–4.4 does not impose an enhanced sentence or "multiplier" effect based on another offense. Thus, HRS § 291–4.4 is not a recidivist statute.

While Justice Levinson is correct in that the legislature clearly intended to curb the problem of repeat DUI offenders, the reading of HRS § 291–4.4 *in pari materia* with HRS § 291–4 does not necessarily suggest that the legislature intended to create a recidivist statute. The legislature made it clear that it intended to set forth a separate offense for those who meet the elements of HRS § 291–4.4. In almost every committee report, the legislature states that it enacted HRS § 291–4.4 to "establish a felony offense." Conf. Comm Rep. No. 22, in 1995 House Journal, at 962; Hse. Stand. Comm. Rep. No. 49, in 1995 House Journal, at 1046; Hse. Stand. Comm. Rep. No. 844, in 1995 House Journal, at 1345. Nowhere in the committee reports does the legislature state that it enacted HRS § 291–4.4 to enhance penalties for an already existing felony offense. In fact, the legislature noted that the public defender testified in opposition to this bill because it did not impose an enhanced penalty for the repeat offender. *Id.* Furthermore, the legislature later amended HRS § 291–4.4, and the amended version includes, in its plain language, a "multiplier" effect or enhanced sentencing, more appropriately resembling a recidivist statute.[1] *See* HRS § 291E–61 (Supp.2001).

As HRS § 291–4.4 is not a recidivist statute, three prior DUI convictions were not required in perpetuity. Pursuant to the plain language of HRS § 291–4.4, the presence of three prior DUI convictions was only required at the time Shimabukuro operated

---

1. HRS § 291E–61 provides in relevant part that:

(b) A person committing the offense of operating a vehicle under the influence of an intoxicant shall be sentenced as follows without the possibility of probation or suspension of sentence:

(1) For the first offense, or any offense preceded within a five-year period by a conviction for an offense under this section or section 291E–4(a):

. . .

(2) For an offense that occurs within five years of a prior conviction for an offense under this section or section 291E–4(a):

. . . .

(3) For an offense that occurs within five years of two prior convictions for offenses under this section or section 291E–4(a):

. . . .

(4) For an offense that occurs within ten years of three or more prior convictions for offenses under this section, section 707–702.5, or section 291E–4(a):

. . . .

or assumed actual physical control of the operation of a vehicle while under the influence of intoxicating liquor. Unlike Justice Acoba suggests, Shimabukuro had three prior DUI "convictions" and thus met the first element of HRS § 291–4.4.[2]

Justice Acoba argues that Shimabukuro did not have three prior DUI "convictions," inasmuch as under the rule of lenity, a "conviction" should be defined as a prior valid DUI conviction because the statute is ambiguous.[3] This suggested definition of "conviction," however, is a departure from the more commonly or technically used definition of the term "conviction."

This court has stated that "[t]he meaning of the term 'convicted' varies according to the context in which it appears and the purpose to which it relates." *State v. Akana*, 68 Haw. 164, 166, 706 P.2d 1300, 1303 (1985) (citation omitted); *see also State v. Riveira*, 92 Hawai'i 546, 552, 993 P.2d 580, 586 (App. 1999) (citation omitted) (defining the term "conviction" as one that is "often employed but rarely precisely defined."). This court has also stated that

> [t]he word "conviction" is more commonly used and understood to mean a verdict of guilty or a plea of guilty. The more technical definition includes the judgment or sentence rendered pursuant to an ascertainment of guilt. Use of the term "conviction" in a statute presents a question of legislative intent.

*Akana*, 68 Haw. at 166–67, 706 P.2d at 1303 (citations omitted). Generally, it is presumed that the legislature uses terms in their ordinary or commonly used meanings absent clear legislative intent indicating otherwise. *See Akina v. Kai*, 22 Haw. 520, 520 (Terr.1915) ("[W]e deem it our duty to construe the law as we find it, giving to the language used its usual and ordinary meaning. . . .").

This court has defined "conviction," in its more common or technical sense, either as a guilty verdict or a judgment entered upon the guilty verdict. *Akana*, 68 Haw. at 167, 706 P.2d at 1303 (holding that "convicted," for the purpose of revocation of probation, meant "the ascertainment of guilt by guilty plea, or by verdict" and not a "judgment of conviction."); *State v. Rodrigues*, 68 Haw. 124, 132, 706 P.2d 1293, 1299 (1985) (holding that "conviction," for purposes of sentencing repeat offenders pursuant to HRS § 706–606.5(1)(b), meant "a judgment entered upon the finding" of guilt by a jury or court.); *accord Riveira*, 92 Hawai'i at 552–55, 993 P.2d at 586–89 (rejecting the defendant's argument that the definition of "conviction" did not include a "juvenile adjudication" in the context of sentencing a repeat offender for driving violations). This court has departed from the more commonly used definition of "conviction" in two contexts: (1) where a court ruling applies retroactively to similarly situated defendants; and (2) where the plain language of the statute provides such definition. *See State v. Garcia*, 96 Hawai'i 200, 214, 29 P.3d 919, 933 (2001); *State v. Hanaoka*, 97 Hawai'i 17, 20, 32 P.3d 663, 666 (2001); *State v. Malufau*, 80 Hawai'i 126, 138, 906 P.2d 612, 624 (1995).

In the instant case, we are not dealing with the retroactive application of a court ruling to similarly situated defendants or a situation where the plain language of the statute provides a definition of the term "conviction." Nor are we dealing with a situation where there is clear legislative intent that: (1) the term "conviction" be defined as a prior valid DUI conviction; or (2) a departure from the more commonly used definition of "conviction" was intended. We are dealing with a situation where (1) the more commonly used

---

**2.** Justice Levinson does not define the term "conviction" and bases his conclusion on the alleged recidivist nature of HRS § 291–4.4. As discussed, however, HRS § 291–4.4 is not a recidivist statute and thus the definition of "conviction" is relevant to whether Shimabukuro satisfied the first element of HRS § 291–4.4.

**3.** Justice Acoba suggests several definitions for the term "conviction," including a verdict of

guilty, a plea of guilty, a judgment or sentence of guilt, and a judgment that has not been expunged by pardon, reversed, set aside, or otherwise rendered nugatory. Justice Acoba then states that "we strictly construe the term 'convicted' in HRS § 291–4.4 as referring to a prior valid DUI conviction." It is thus somewhat unclear exactly how Justice Acoba is using the term "prior valid DUI conviction."

definition of "conviction," as this court has employed in the past, is a guilty verdict or judgment entered upon a guilty verdict, (2) the legislature enacted HRS § 291–4.4 for the purpose of "[d]eter[ing] people from continuing to drive under the influence of alcohol" and "[r]educ[ing] the risk of traffic fatalities that are alcohol related by removing extremely dangerous drivers from the road," Hse. Stand. Comm. Rep. No. 49, in 1995 House Journal, at 1046, and (3) employing the commonly used definition of "conviction" achieves the legislature's purpose in enacting HRS § 291–4.4.

Justice Acoba does not state how he is using the definition "prior valid DUI conviction," how the use of that definition effects the legislature's intent, or why a departure from the more commonly used definition of "conviction" is consistent with the legislative purpose behind HRS § 291–4.4. Justice Acoba's definition permits a repeat DUI offender to collaterally attack all prior DUI convictions in the face of an indictment under HRS § 291–4.4, or, as in this case, to withdraw a plea of no contest two years after pleading, for the purpose of escaping the scope of HRS § 291–4.4. This makes a mockery out of the separate habitual DUI offense that the legislature created and is something surely the legislature did not intend. As such, for purposes of HRS § 291–4.4, I would hold that the term "conviction" be defined in its more common or technical sense, as a guilty verdict or judgment entered upon a guilty verdict.

Utilizing this definition of "conviction," Shimabukuro had three prior DUI convictions at the time of the HRS § 291–4.4 offense. It is important to note that it was not until two years later, after being indicted with habitual DUI, that Shimabukuro filed a motion to withdraw his earlier plea of no contest to the April 4, 1997 DUI conviction and that the court granted his motion and set

aside the sentence.[4] This type of collateral attack on convictions renders HRS § 291–4.4 meaningless, inasmuch as a defendant could collaterally attack a conviction at any time after an indictment under HRS § 291–4.4 for the purpose of escaping the scope of the statute. I am confident that the legislature did not intend to allow a drunk driver to escape penalties for repeated offenses in this manner.

As HRS § 291–4.4 is not a recidivist statute and Shimabukuro had three prior DUI convictions when he, for the fourth time, operated or assumed actual physical control of the operation of a vehicle while under the influence of intoxicating liquor, his conviction should stand. Shimabukuro's multiple convictions for DUI indicate that he is the type of repeat offender that the legislature intended to include within the scope of HRS § 291–4.4. For the foregoing reasons, I dissent.

---

4. The record on appeal does not provide information regarding the vacation of Shimabukuro's prior DUI conviction. This court, however, can take judicial notice of adjudicative facts, sua sponte, including the district court records in case number 096495945, pursuant to Hawai'i Rules of Evidence (HRE) Rule 201. *See Akana*, 68 Haw. at 165–66, 706 P.2d at 1302. The records in case number 096495945 indicate that

Shimabukuro pled no contest to DUI on April 4, 1997, and two years later, after being indicted with habitual DUI, filed a motion to withdraw his plea of no contest. Thus, Justice Acoba's discussion regarding Hawai'i Rules of Penal Procedure (HRPP) Rule 40(a)(1) is not particularly relevant to the type of collateral attack used by Shimabukuro in this case.