NO. SCWC-27897

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

---

STATE OF HAWAIʻI, Respondent/Plaintiff-Appellee,

vs.

LLOYD PRATT, Petitioner/Defendant-Appellant.

---

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(ICA NO. 27897; CR. NO. HC 04-147)
(ICA NO. 27898; CR. NO. HC 04-169)
(ICA NO. 27899; CR. NO. HC 04-229)

ORDER GRANTING MOTION FOR RECONSIDERATION IN PART
(By: Recktenwald, C.J., Nakayama, and Duffy, JJ.,
with Acoba, J., dissenting, with whom McKenna, J., joins)

Upon consideration of Petitioner/Defendant-Appellant
Lloyd Pratt's motion for reconsideration filed on May 21, 2012,

IT IS HEREBY ORDERED that motion is granted in part.
The published opinion filed on May 11, 2012 is amended as
follows:

Page 11, footnote 9, now reads:

Pratt does not pursue the RFRA, ex post facto, or stare
decisis claims in his application for writ of certiorari,
thus, this opinion does not fully articulate these
arguments. Pratt's argument as to the rule of lenity is
reviewed in Section III.B., infra.

On Page 18, footnote 11 is added. The additional

footnote reads:

Pratt also argues that the rule of lenity precludes
conviction. The rule of lenity is a rule of statutory
construction. State v. Shimabukuro, 100 Hawaiʻi 324, 327, 60
P.3d, 274, 277 (2002) ("Where a criminal statute is
ambiguous, it is to be interpreted according to the rule of

lenity."). Pratt does not argue that the regulation under which he was convicted is ambiguous, but rather that the constitutional privilege is ambiguous. Pratt does not cite, and the court was unable to find, any authority for applying the rule of lenity to constitutional affirmative defenses. The court therefore agrees with the conclusion of the trial court and ICA that the rule of lenity does not apply in Pratt's case.

An Amended Opinion will be filed contemporaneously with this Order.

The motion is denied in all other respects.

DATED: Honolulu, Hawai'i, May 29, 2012.

Daniel G. Hempey for petitioner/defendant-appellant

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ James E. Duffy, Jr.



DISSENT
(By: Acoba, J., with whom McKenna, J., joins)

For the reasons set forth in my concurrence and dissent to this court's May 11, 2012 opinion, I would grant the motion for reconsideration, vacate the judgment of conviction and remand the case for a new trial.

/s/ Simeon R. Acoba, Jr.

/s/ Sabrina S. McKenna

2