LAW LIBRARY

**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

NO. 29369

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
RONALD STEVEN LOPES, Defendant-Appellant

K. HAMAKADO
CLERK, APPELLATE COURTS
STATE OF HAWAI'I
2010 MAR 25 AM 8:23
FILED

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 07-1-1659)

SUMMARY DISPOSITION ORDER
(By: Fujise and Leonard, JJ.,
with Nakamura, C.J. dissenting.)

Defendant-Appellant Ronald Steven Lopes (Lopes) appeals from a judgment of conviction of one count of Methamphetamine Trafficking in the Second Degree in violation of Hawaii Revised Statutes (HRS) § 712-1240.8 (Supp. 2009) in the Circuit Court of the First Circuit (circuit court)[1]. On appeal, Lopes argues that (1) the circuit court abused its discretion in admitting into evidence the substance recovered in the undercover operation when there was a break in the chain of custody prior to testing; (2) the circuit court erred in admitting the results of the FTIR[2] test where the State failed to introduce into evidence business records showing that the equipment was properly calibrated by the manufacturer; and (3) there was insufficient evidence that the substance recovered was methamphetamine. Because we agree with Appellant on the first and third issues, we do not address the second issue.

On September 4, 2007, Lopes was charged by way of indictment with committing the offense of Methamphetamine Trafficking in the Second Degree, in violation of HRS § 712-

---

[1] The Honorable Michael A. Town presided.

[2] Fourier transform infrared spectrometer.

1240.8.[3]  At the jury trial, Honolulu Police Department (HPD) Officer Arlene Ah You (Officer Ah You) testified that on June 18, 2007, she was assigned to act as an undercover agent to purchase illegal narcotics in the Pokai Bay Beach Park area.  During the operation, she entered into an agreement with Lopes to purchase $40 worth of narcotics.  Officer Ah You did not testify that either she or Lopes mentioned methamphetamines in the course of Officer Ah You's efforts to purchase narcotics.

Officer Ah You testified that she gave Lopes $40 and he gave her a plastic packet containing a white crystaline substance.  The State presented witnesses establishing the chain of custody of the plastic packet, from Officer Ah You to HPD chemist Hassan Mohamed (Mohamed) who took possession of the plastic packet on June 19, 2007 and, on the same day, returned the plastic packet to the evidence custodian.  Mohamed did not testify at trial.  The contents of the packet were examined and tested by HPD criminalist Stacy Riede on June 18, 2008.

Defense counsel objected to the admission into evidence of the packet containing crystal methamphetamine on the grounds that there was insufficient foundation laid as to the calibration of the FTIR and the State failed show a complete chain of custody for the packet.  The circuit court overruled the objection.

The circuit court's decision on an objection to the chain of custody is reviewed for an abuse of discretion.  State v. Nakamura, 65 Haw. 74, 81, 648 P.2d 183, 188 (1982).

The failure of the State to present Mohamed to testify as to what he did with the plastic packet while it was in his possession was a break in the chain of custody.  "Establishing the chain of custody is essential to show that the substance

_____

[3] The indictment reads:

> On or about the 18th day of June, 2007, in the City and County of Honolulu, State of Hawaii, RONALD STEVEN LOPES, did knowingly distribute methamphetamine in any amount, thereby committing the offense of Methamphetamine Trafficking in the Second Degree, in violation of Section 712-1240.8 of the Hawaii Revised Statutes.

analyzed was the substance seized from the defendant." State v. Vance, 61 Haw. 291, 304, 602 P.2d 933, 942 (1979). Observance of the requirement of establishing a complete chain of custody prior to testing is particularly important where, as in the present case, the evidence in question is a substance that is easily adulterated. See Vance, 61 Haw. at 303-04, 602 P.2d at 942 (quoting with approval the settled rule in other jurisdictions that foundation must be laid "showing the continuous whereabouts of the exhibit from the time it came into the possession of the police until it was laboratory tested."); State v. Olivera, 57 Haw. 339, 344, 555 P.2d 1199, 1202 (1976) ("Where the exhibit is a drug or chemical in the form of a powder or liquid which is readily susceptible of alteration or substitution, the courts tend to be strict in requiring that a chain of custody be established which minimizes the possibility of any tampering with the exhibit.") It was therefore an abuse of discretion for the circuit court to admit into evidence the plastic packet and testimony relating to the testing of the contents of the packet after the break in the chain of custody.

Disregarding the inadmissible evidence, but viewing the remaining evidence in the light most favorable to the prosecution, there did not exist substantial evidence to support Lopes's conviction for methamphetamine trafficking. See State v. Wallace, 80 Hawai'i 382, 412, 910 P.2d 695, 725 (1996). An essential element of that offense is that the substance in question is methamphetamine. Officer Ah You did not testify that she asked for methamphetamine or that Lopes agreed to sell her methamphetamine. Without evidence establishing that the packet contained methamphetamine, there was no evidence that Lopes engaged in the distribution of methamphetamine.

Having concluded that there was insufficient evidence to support the conviction, there is no need to address the other issues raised by Lopes.

Therefore, IT IS HEREBY ORDERED that the August 28, 2008 judgment of conviction entered by the Circuit Court of the First Circuit is reversed.

DATED: Honolulu, Hawai'i, March 25, 2010.

On the briefs:

Karen T. Nakasone,
Deputy Public Defender,
for Defendant-Appellant.

Associate Judge

Donn Fudo,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Associate Judge